IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cr-30016 |
| ) | |
| LEONARD WILLIAMS, JR., ) | |
| ) | |
| Defendant. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Leonard Williams's Amended Motion for Compassionate Release (d/e 51) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On March 28, 2007, Defendant pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(a)(1).  On August 13, 2007, United States District Judge Jeanne Scott sentenced Defendant to 48 months' imprisonment and 3 years of supervised release.  Defendant's initial term of supervised release began on June 26, 2010.

On October 14, 2016, the Court revoked Defendant's term of supervised release because Defendant distributed cocaine. The Court sentenced Defendant to time served and three years of supervised release. Defendant's supervised release recommenced on October 14, 2016.

On September 24, 2018, the Court again revoked Defendant's supervised release because Defendant conspired to distribute 100 grams or more of a substance containing heroin. The Court sentenced Defendant to 8 months' imprisonment, to run consecutively to the 120-month term of imprisonment imposed in Case No. 18-30006-1.

Defendant is currently incarcerated at FCI Pekin and has a projected release date of February 18, 2027. As of July 17, 2020, the Bureau of Prisons (BOP) reports that FCI Pekin currently has two confirmed cases of COVID-19. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed July 17, 2020).

On May 20, 2020, Defendant filed a pro se motion for compassionate release (d/e 44) pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 10, 2020, following the appointment of

defense counsel, an Amended Motion for Compassionate Release was filed. Defendant, who is 32 years old, requests compassionate release based on his alleged health issues, the COVID-19 pandemic, and his good behavior while incarcerated. Defendant claims to suffer from breathing issues and severe allergies but has provided no corroborating medical records.

Defendant proposes to live at his mother's residence if he is released from custody. The United States Probation Office, in a Memorandum (d/e 52) addressing Defendant's request for compassionate release, concludes, based on information provided to defense counsel by Defendant's mother, that Defendant's mother's residence appears to be suitable for Defendant. The Memorandum notes that the BOP assigned Defendant a high-risk recidivism level in December 2019 and that Defendant was disciplined by the BOP in May 2019.

On July 15, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 53). The Government argues that Defendant's request for compassionate release should be denied because Defendant has not exhausted his administrative rights with the BOP. The Government also notes

that Defendant has a significant amount of time left to serve in custody and an extensive criminal history that includes a conviction for the illegal possession of a firearm as well as multiple violations of supervised release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the CDC and state governments have advised individuals

to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment.  While FCI Pekin has two confirmed cases of COVID-19, Defendant has not sufficiently shown that he faces a significant risk of severe complications from COVID-19.  Defendant is only 32 years old.  Although Defendant claims to have breathing issues and severe allergies, he has not provided medical records to confirm these alleged health issues.

In addition, Defendant has an extensive criminal history that includes a conviction for illegal possession of a firearm as well as multiple supervised release violations.  And Defendant still has six-and-a-half years to serve in BOP custody before he is set to be released.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Leonard Williams's

Amended Motion for Compassionate Release (d/e 51) and Defendant's pro se motion for compassionate release (d/e 44) are DENIED.

ENTER: July 17, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE